```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X     NOT FOR PUBLICATION
330 EMPIRE LLC,

                    Plaintiff,
                                         MEMORANDUM
     - against -                         AND ORDER
                                         11-CV-6141 (KAM)
NABAY TOURE,

                    Defendant.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On December 13, 2011, Nabay Toure ("petitioner" or "defendant"), appearing *pro se*, filed a notice seeking to remove a civil proceeding filed by 330 Empire LLC ("plaintiff") on July 22, 2011, in the Civil Court of the City of New York, County of Kings, Index No. 79358/11 ("the State Court Action"). (*See* ECF No. 1, Notice of Removal, at ¶¶ 1-12.) The underlying State Court Action involves the eviction of defendant's store from plaintiff's commercial property at 1026 Nostrand Avenue in Brooklyn. (*See* ECF No. 1, Notice of Removal, Unmarked Exhibit – Notice of Eviction, at 21.[1])

On December 27, 2011, defendant filed a Motion for Emergency Preliminary Injunctive Relief and Temporary Restraining Order seeking this court's intervention to stop the pending eviction ordered by the Civil Court of the City of New

---

[1] This number refers to the page number assigned by the Electronic Case Filing (ECF) system.

1

York. (*See* Defendant's Motion for Emergency Preliminary Injunctive Relief and Temporary Restraining Order Pursuant to FRCP Rule 65 ("OTSC").[2]) Defendant's request to proceed *in forma pauperis* is granted solely for the purpose of this order. For the reasons set forth below, the court (1) finds that removal of the State Court Action should not be permitted; (2) denies the petition for removal; (3) denies the motion for a preliminary injunction and temporary restraining order; and (4) remands the State Court Action to the Civil Court of the City of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c).

"[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden is on the removing party to prove that it has met the requirements for removal." *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citations omitted).

The criteria for removing a civil action from state court to federal court are set forth in 28 U.S.C. § 1441. The statute provides, in relevant part, for removal of claims over

---

[2] This document does not yet have an Electronic Case Filing (ECF) number because it has not yet been filed on ECF.

2

which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(b), meaning that a claim may be removed to federal court only if it could have been filed in federal court in the first instance. *Fax Telecomunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This court lacks subject-matter jurisdiction over the State Court Action because defendant has failed to show that removal of the State Court Action is proper in the instant case. Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit set forth four factors to determine whether the *Rooker-Feldman* doctrine applies: (1) the party lost in state court; (2) the party complains of an injury caused by the state court order; (3) the party seeks a federal court's review of the state court's process and rejection of the state court's

determinations; and (4) the state court determinations in question were rendered before the federal action was commenced. 422 F.3d 77, 85 (2d Cir. 2005). This court lacks subject-matter jurisdiction over the claims defendant seeks to litigate here because each of the *Hoblock* requirements are met. A judgment was entered against defendant in the State Court Action before he commenced this action in federal court. (*See* ECF No. 1, History of Proceedings in State Court Action, at 23.) Moreover, defendant seeks the federal court's review and rejection of the process employed in state court, which allegedly violated his constitutional rights. (*See* Notice of Removal, at ¶¶ 4-5.) Because the district court lacks subject-matter jurisdiction over these claims which, in essence, appeal from a state court judgment, the claims must be remanded to state court. *See Hoblock*, 422 F.3d at 86.

Furthermore, even if the court had original jurisdiction over this matter, which it does not, defendant did not timely file a notice of removal "within thirty days after [defendant's] receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as required by 28 U.S.C. § 1446(b). *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (holding that the thirty-day deadline for a notice of removal under 28 U.S.C. § 1446(b) is

4

mandatory and rigorously enforced). Rather, defendant filed a notice of removal in this court on December 13, 2011, more than three months after plaintiff commenced the underlying state-court action against defendant. (Notice of Removal at ¶ 1.) Therefore, in any event, removal is improper as untimely filed.

Accordingly, because this court lacks subject-matter jurisdiction over this action, and in any event, defendant did not timely file a notice of removal, the court hereby remands the action to the Civil Court of the City of New York, County of Kings, Index No. 79358/11, and denies defendant's December 27, 2011 motion for a preliminary injunction and temporary restraining order.

The Clerk of Court is respectfully requested to (1) serve a copy of this Memorandum and Order on the parties and note service on the docket; (2) immediately send a certified copy of this Memorandum and Order to the Clerk of the Civil Court of the City of New York, County of Kings, Index No. 79358/11; and (3) close the case in this court. 28 U.S.C. § 1447(c).

Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       December 28, 2011

_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York